IN THE UNITED STATES DISTRICT COURT
FOR THE __Southern__ DISTRICT OF TEXAS
__Houston__ DIVISION

United States Courts
Southern District of Texas
FILED
OCT 27 2022
Nathan Ochsner, Clerk of Court

Jake Henry Oglesby
TDCJ-CID # 1966678
**Plaintiff's Name and ID Number**

Mark W. Stiles Unit — Beaumont
**Place of Confinement**

CASE NO. _____
(Clerk will assign the number)

v.

Correctional Managed Health Care
Director(s) and Committee member(s) (2020-2021)
**Defendant's Name and Address**

Dr. Lannette Linthicum
TDCJ - Dir. Health Services Division
**Defendant's Name and Address**

Bobby Lumpkin — C.I.D. Director
Texas Dept of Criminal Justice
**Defendant's Name and Address**
( DO NOT USE "ET AL.")
(Refer To Sec. IV for complete Defendant(s) list)

Class-Based Equal Protection Claim
Pursuant To 42 U.S.C § 1983

Class Certification Requested
Pursuant To FRCP 23(A)(1)(B)(3)

Jury Trial Demanded
Pursuant To FRCP 38(A)

## INSTRUCTIONS - READ CAREFULLY

**NOTICE:**

**Your complaint is subject to dismissal unless it conforms to these instructions and this form.**

1. To start an action you must file an original and one copy of your complaint with the court. You should keep a copy of the complaint for your own records.

2. Your complaint must be legibly handwritten, in ink, or typewritten. You, the plaintiff, must sign and declare under penalty of perjury that the facts are correct. If you need additional space, **DO NOT USE THE REVERSE SIDE OR BACKSIDE OF ANY PAGE.** ATTACH AN ADDITIONAL BLANK PAGE AND WRITE ON IT.

3. You must file a separate complaint for each claim you have unless the various claims are all related to the same incident or issue or are all against the same defendant, Rule 18, Federal Rules of Civil Procedure. Make a short and plain statement of your claim, Rule 8, Federal Rules of Civil Procedure.

4. When these forms are completed, mail the original and one copy to the clerk of the United States district court for the appropriate district of Texas in the division where one or more named defendants are located, or where the incident giving rise to your claim for relief occurred. If you are confined in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), the list labeled as "VENUE LIST" is posted in your unit law library. It is a list of the Texas prison units indicating the appropriate district court, the division and an address list of the divisional clerks.

In The United States District Court
For The Southern District Of Texas
Houston Division

Jake Henry Oglesby
A.K.A.
Misty Violet
TDCJ-CID: #1966148
Mark W. Stiles Unit

[ Class Member ]

Plaintiff(s)

VS.

Correctional Managed Care And/Or
Correctional Managed Health Care
Director(s) And Committee Member(s)

Defendant(s) Et. Al

Civil Action No: _____

Class-Based Equal Protection Claim
Filed Pursuant To 42 U.S.C § 1983

Class Certification Requested
Pursuant To FRCP 23(A)(1)(2)(3)

Plaintiff Acting As "Agent" Of Class
Pursuant To FRCP 23(A)(1)(3)(4)

Jury Trial Demanded
Pursuant To FRCP 38(A)

---

Plaintiff(s) 42 U.S.C § 1983 Class Action, Equal Protection Claim Presenting Violations Of Federal And Constitutional Protections Committed By Policymaker(s) Against "Protected Class" Member

To The Honorable Court;

Comes Now, Misty Violet, TDCJ: #1966148 Plaintiff In the Above Entitled class action complaint, pursuant to 42 U.S.C § 1983, herein presenting viable Equal Protection Claim(s) against Defendant(s) whom are (singularly and/or collectively) policymaker(s) and/or policy administrator(s), (SEE Addendum B — Claim One And Claim Two).

(2)

## JURISDICTION

Plaintiff (and her class) not only identify as transgender but are also Gender Dysphoric......I.E., a legally and constitutionally defined (per the Equal Protection Clause) "identifiable class".

Plaintiff(s) is a class action, Equal Protection Claim, authorized pursuant to 42 U.S.C § 1983, to address class-based, discriminative, deprivations committed by policymaker(s) and/or policy administrators (acting under Color of Law) of rights (applicable to incarcerated person(s)) secured by relevant Federal Statute(s) and Constitutional Protection(s) namely;

(I) Civil Rights Of Institutionalized Persons Act;

(II) Religious Land Use And Institutionalized Persons Act;

(III) Eighth Amendment — Cruel And Unusual Punishment Clause;

(IV) Fourteenth Amendment — Equal Protection Clause;

pertaining specifically to incarcerated person(s) diagnosed with a serious medical and/or mental health need being discriminatorily denied ameliorative medical and/or mental health treatment in a manner that violates constitutionality thereby Constitutional Protections.

The Court has overall jurisdiction under 28 U.S.C Section 1331 and Section 1343(A)(3).

The Court (in relation to Claim One) has jurisdiction under the Civil Rights Of Institutionalized Persons Act, (see Addendum B — Claim One).

⑤

Defendant(s) policies and/or manner of policy administration has proven to be a legally and constitutionally defined "moving force" adversely impacting Plaintiff and her class (i.e., the populace of Texas Dept Of Criminal Justice inmate(s) diagnosed as Gender Dysphoric — identified within this complaint, by Plaintiff, as "The Alexander Initiative") thus amounting to Defendant(s) committing unconstitutional, class-based, ministerial neglect as policymaker(s) and/or policy administrator(s).

Defendant(s) manner of class-based, ministerial neglect (as a "moving force") violates/continues to violate applicable Federal and Constitutional Protections namely;

(I) Civil Rights Of Institutionalized Persons Act

(II) Religious Land Use And Institutionalized Persons Act

(III) Eighth Amendment — Cruel And Unusal Punishment Clause

(IV) Fourteenth Amendment — Equal Protection Clause

Resulting in Plaintiff and her class (The Alexander Initiative) being discriminatorily deprived adequate, effective and significantly ameliorative medical and/or mental health treatment for their particular/signature serious mental health need.... I.E., Gender Dysphoria, (see Addendum A — Synopsis Of Claim and Addendum B — Claim One).

Defendant(s) purposeful, discriminatorily, deprivation of significantly, ameliorative medical and/or mental health treatment for Gender Dysphoria (continuing purposeful, discriminatorily deprivation of such medical and/or mental health treatment) is/has proven to be psychologically injurious and life threatening to Plaintiff (and her class) as an infliction and subjection of them (by Defendant(s) class-based, ministerial neglect et.al) to mental anguish (et.al) Cruel And Unusal Punishment as it is defined by the Eighth Amendment, (see Addendum B — Claim One — Claim Two).

Plaintiff on behalf of herself (and class) files this Equal Protection Claim against all Defendant(s) challenging the constitutionality of their;

(A) Class-based, discriminative policy for the treatment of Gender Dysphoria, (see Addendum B — Claim One), and;

(B) Class-based, discriminative manner of policy administration, (see Addendum B — Claim Two).

Plaintiff on behalf of herself (and class) seeks declaratory relief to her Claim(s) against all Defendant(s), (see Addendum C — Requested Relief).

Plaintiff on behalf of herself (and class) seeks permanent injunctive relief to her Claim(s) against all Defendant(s), (see Addendum C — Requested Relief).

Plaintiff on behalf of herself (and class) seeks the Court(s) oversight, retention and jurisdiction over all Defendant(s) until such time it is satisfied that the Claim(s) presented within Plaintiff(s) complaint will not recur, (see Addendum C — Requested Relief).

Plaintiff on behalf of herself (and class) seeks punitive indemnification against all Defendant(s) in the form of full allocation of any and all reasonable filing fees, attorney fees and cost(s) in relation to this civil action, (see Addendum C — Requested Relief).

In Propria Persona

*Misty Violet Oglesby*

Misty Violet

Plaintiff

(4)

# JURISDICTION

The Court (IN RELATION to Claim Two) has JURISDICTION under the Civil Rights Of Institutionalized Persons Act and the Religious Land Use And Institutionalized Persons Act, (SEE Addendum B — Claim Two).

Plaintiff (and her class) ARE being subjected to INADEQUATE, INEFFECTIVE, NON-AMELIORATIVE medical and/or mental health treatment due to Defendant(s);

(A) One-size-fits-all, "blanket-ban" type policy for the treatment of Gender Dysphoria, (SEE Addendum B — Claim One).

(B) Class-based, sex-stereotyping policies and/or lack of policies that encumber AMELIORATIVE, Gender Dysphoric medical and/or mental health treatment, (SEE Addendum B — Claim Two).

Plaintiff on behalf of herself (and class) seeks declaratory relief pursuant to 28 U.S.C Section 2201 and Section 2202, (SEE Addendum C — Requested Relief).

Plaintiff on behalf of herself (and class) seeks both preliminary and permanent injunctive relief pursuant to 28 U.S.C Section 2283 and Section 2284, (SEE Addendum C — Requested Relief).

In Propria Persona

*Misty Violet Ogleby*

Misty Violet

Plaintiff

⑥

## VENUE

## VENUE

The Southern District Of Texas is the appropriate venue for Plaintiff(s) suit under 28 U.S.C Section 1391(c)(2).

The Southern District Of Texas encompasses Galveston County a district wherein;

(I) Defendant Correctional Managed Care and/or Correctional Managed Health Care Director(s) And Committee Members(s) (an entity) maintains its' principal place of business as an "agent" of the University Of Texas Medical Branch At Galveston which is the Texas Dept Of Criminal Justice primary contractual healthcare provider.

The Southern District Of Texas encompasses Walker County a district wherein;

(I) Defendant Linthicum and Defendant Lumpkin are both employeed and the Texas Dept Of Criminal Justice (their employeer) is headquartered.

The Southern District Of Texas encompasses Walker County and Jefferson County a district wherein;

(I) Plaintiff (and a sect of The Alexander Initiative class members) are assigned to respective Texas Dept Of Criminal Justice facilities.

In Propria Persona

*Misty Violet Oglesby*

Misty Violet
Plaintiff

⑦

I. PREVIOUS LAWSUITS:

   A. Have you filed *any* other lawsuit in state or federal court relating to your imprisonment? ___YES ☒ NO

   B. If your answer to "A" is "yes", describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, giving the same information.)

     1. Approximate date of filing lawsuit: __Non-Applicable__

     2. Parties to previous lawsuit:
       Plaintiff(s) __Non-Applicable__
       Defendant(s) __Non-Applicable__

     3. Court: (If federal, name the district; if state, name the county.) __Non-Applicable__

     4. Cause number: __Non-Applicable__

     5. Name of judge to whom case was assigned: __Non-Applicable__

     6. Disposition: (Was the case dismissed, appealed, still pending?) __Non-Applicable__

     7. Approximate date of disposition: __Non-Applicable__

II. PLACE OF PRESENT CONFINEMENT: __Texas Dept of Criminal Justice__
__Mark W. Stiles Unit__
__3060 FM 3519__
__Beaumont TX 77705__

III. EXHAUSTION OF GRIEVANCE PROCEDURES:

Have you exhausted all steps of the institutional grievance procedure?  ☒ YES ___NO

Attach a copy of your final step of the grievance procedure with the response supplied by the institution.

Rev. 05/15

⑧

PLAINTIFF(S)
COMPLAINT
•
SUPPORTING
ADDENDUM(S)
•
SUPPORTING
MOTION(S)

Civil Action No: _____

In The United States District Court
For The Southern District Of Texas
Houston Division

| | |
|---|---|
| Jake Henry Oglesby<br>A.K.A<br>Misty Violet<br>TDCJ-CID: #1966148<br><br>[ Class Member ]<br><br>Class Is:<br>"The Alexander Iniative"<br><br>Plaintiff<br>And<br>Plaintiff(s) | Correctional Managed Care And/Or<br>Correctional Managed Health Care<br>Director(s) And Committee Member(s)<br><br>Dr. Lannette Linthicum<br>Director<br>TDCJ Health Services Division<br>Texas Dept Of Criminal Justice<br><br>Bobby Lumpkin<br>Director<br>Correctional Institutional Division<br>Texas Dept Of Criminal Justice<br><br>Defendant(s) |

Plaintiff(s) 42 U.S.C § 1983 Class Action Equal Protection Claim Presenting Violations Of Federal And Constitutional Protections Committed By Policymaker(s) Against "Protected Class" Of Prisoner

[ Plaintiff(s) Class Status In Accordance With Federal Rules Of Civil Procedure 23(A)(1)(3)(4) ]

# COMPLAINT

# ATTENTION OF THE COURT

Legal Assistance In The Preparation Of Complaint And Supporting Motion(s) Provided By "Next Friend"

Darrold (Alexis) Alexander

TDCJ-CID: #738390

"Jailhouse Lawyer"; LGBTQ Advocate, Activist And Trans-Activist

Mark W. Stiles Unit.

3060 FM 3514

Beaumont, Texas 77705-7635

In Accordance With;

Johnson vs. Avery, 393 U.S 483 (1969)

In Propria Persona

*Alexis D. Alexander*

The Alexander Initiative

# ALEX D. ALEXANDER, J. L. P

## TDCJ-CID #738390

### "JAILHOUSE LAWYER"

### L G B T Q Civil Rights Advocate/Activist

### Trans-Activist

### Acting Per The Authority Of:

**(A) Access To Courts/Access To Legal Counsel**

B. P. 03-81 - Sec. III (B) (1)

**(B) TDCJ Safe Prisons/PREA Plan**

Sec. IV (A) (3) (5)

# PLAINTIFF AND DEFENDANT(S) WITH SUPPORTING ADDENDUM(S)

IV.  PARTIES TO THIS SUIT:

A. Name and address of plaintiff: Jake (Misty Violet) Oglesby
TDCJ-CID: #1966148
Mark W. Stiles Unit
3060 FM 3514
Beaumont, Texas 77705-7635

B. Full name of each defendant, his official position, his place of employment, and his full <u>mailing</u> address.

Defendant #1: Correctional Managed Care And/Or!!!
Correctional Managed Health Care
Director(s) And Committee Member(s)
301 University Boulevard
Galveston, Texas 77555-1207

Sued In Offical And!!! Individual Capacity As Policymaker(s)

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

Defendant is a statutorily created entity responsible for developing, implementing and monitoring the correctional managed health care for All!!! Inmate(s) incarcerated within the Texas Dept Of Criminal Justice, (Refer to Addendum A).

Defendant is the author of a policy that mandates and determines the treatment protocol for Gender Dysphoria adhered to by the Texas Dept Of Criminal Justice contractual healthcare providers Including!!! its' Gender Speciality Clinic Consultant (Refer to Addendum B) whom is the primary healthcare provider for Plaintiff and her class identified within her Complaint as The Alexander Initiative.

⑨

Rev. 05/15

Defendant(s) policy for the treatment of Gender Dysphoria is (in actuality) an unconstitutional, "blanket-ban" type policy violating (continuing to violate) applicable Constitutional Protections endued to Plaintiff and her class by Cruel and Unusal Punishment Clause and Equal Protection Clause proscriptions.

Defendant(s) policy for the treatment of Gender Dysphoria (by being — in actuality — an unconstitutional, "blanket-ban" type policy) has proven to deny Plaintiff and her class adequate, effective and individualized mental health treatment (i.e., ameliorative mental health treatment) to address All!!! spectrums (mild, moderate and severe) of Gender Dysphoria therefore Not!!! in accordance with generally accepted standards of medical practice considered effective for the treatment of Gender Dysphoria. Refer to Addendum B — Claim One;

(I) Exhibit F — WPATH Standards Of Care;

(II) Exhibit G — WPATH Position Statement;

(III) Exhibit H — NCCHC Position Statement;

(IV) Exhibit I — APA Position Statement;

thus treating Plaintiff and her class dissimilarly and discriminatively than other transgender person(s) (those incarcerated and those not incarcerated) diagnosed as Gender Dysphoric thereby violating (continuing to violate) proscriptions of the Equal Protection Clause.

Plaintiff, with the filing of this Complaint on behalf of herself and class, challenges the legal integrity and constitutionality of Defendant(s) policy for the treatment of Gender Dysphoria, (Refer to Addendum A — Synopsis Of Claim — Addendum B — Claim One).

Defendant(s) are sued in their individual and!!! offical capacity for the assertions made within Claim One of Complaint, (Refer to Addendum B — Claim One).

In Propria Persona

*Misty Violet Oglesby*

Misty Violet

Plaintiff

Rev. 05/15